IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TIMOTHY SCOTT BEASLEY, #386715**                                           **PLAINTIFF**

v.                                                       CAUSE NO. 1:16CV1-LG-RHW

**LORI A. EHLERS, ELAINE EHLERS,**
**and VERNON EHLERS**                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case is before the Court *sua sponte*. *Pro se* Plaintiff Timothy Scott Beasley is incarcerated with the Harrison County Adult Detention Center, and he brings this action for alleged assault and battery by Defendant Lori A. Ehlers and her parents. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### FACTS AND PROCEDURAL HISTORY

Beasley initiated this action on January 4, 2016. He alleges that he and Defendant Lori A. Ehlers shared a storage unit in Gulfport, Mississippi, and that Lori also lives in Gulfport. He contends that Defendants Elaine and Vernon Ehlers are Lori's parents.

Beasley alleges that on May 9, 2015, he went to his and Lori Ehler's storage unit, where he found a note left by her, instructing him that he could get his belongings at her home. Beasley claims to have lived in the home with Lori and that his property was left with her there during another stint of incarceration. *See Beasley v. Ehlers*, No. 1:16cv26-LG-RHW, at ECF Nos. 6, 10. Beasley then went to

the house, and while there, he claims that Defendants came in and all attacked him. He accuses Vernon Ehlers of striking him unconscious with a cat's scratching post. Beasley contends that Lori Ehlers then hit him with a hammer and that her parents assisted her in further assaulting him. Beasley claims he was struck numerous times in his head, knee, and ankle, causing him to be confined to a wheelchair for four and a half months.

Beasley initiated this action under 42 U.S.C. § 1983 and Mississippi state law for assault and battery. He claims that Defendants violated his constitutional rights by beating him.

## DISCUSSION

SECTION 1983

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court, such as Beasley. The statute provides in pertinent part that, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

"[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may

consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* Thus, Beasley's Complaint is subject to *sua sponte* dismissal under § 1915.

To prove his § 1983 claim, Beasley will have to show, among other things, that Defendants acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party . . . must be a person who may fairly be said to be a state actor.'" *Id.* at 49 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state." *Id.*

"Private individuals generally are not considered . . . state actors. . . . Notwithstanding this limitation, a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). State action may also be found where the state compels the private party to act, "when the state provides 'significant encouragement, either overt or

covert,'" when the private entity is controlled by the State, when the private party performs a public function, or when the private party is so entwined with the State as to make the party a state actor. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001).

Beasley merely alleges that Defendants beat him, which allegations is insufficient to show that Defendants are state actors. Beasley alleges no connection between these private party Defendants and the State. He therefore has failed to state a claim against Defendants under § 1983. The § 1983 claim is dismissed, and this dismissal counts as a strike pursuant to § 1915(g).

STATE LAW CLAIMS

Beasley also brings state law claims for assault and battery. These claims invoke the Court's supplemental jurisdiction. 28 U.S.C. § 1367(a). This jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Since the Court has dismissed the § 1983 claim, the Court declines jurisdiction over the state law claims. They are dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, *pro se* Plaintiff Timothy Scott Beasley's 42 U.S.C. § 1983 claim is **DISMISSED WITH PREJUDICE** for failure to state a claim. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §

1367(c).  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2016.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE